Samuel M. Gold, J.
The complaint in the action commenced on behalf of the tenants attacks the plan for co-operative ownership of the building in question on various grounds: (1) “ that there was no plan which could validly be declared effective ” (a) because of the provisions of the residential rent control regulations, and (b) because the “ seller ”, in declaring the plan effective, violated certain provisions of the plan, and (2) that defendants, in offering and presenting the plan and revisions thereof, misrepresented and concealed material facts. This court, sitting in the Additional Special Term for trust mortgages, had previously approved an amended plan of reorganization which called for the sale of the building here involved to a newly formed “ cooperative corporation ”. The amended plan of reorganization made the sale contingent, inter alia, upon ‘ ‘ the cooperative plan being declared effective by the corporation ”, The plaintiffs’ claim that the co-operative plan never became effective because of violations of the plan, misrepresentations and other reasons, if upheld, would result in the destruction of the amended plan of reorganization of the trust mortgage. The question whether the amended plan of reorganization has become abortive for the reasons indicated, is clearly one of which the Additional Special Term has exclusive jurisdiction under the Appellate Division order which *829 created the Additional Special Term ‘ ‘ for the purpose of hearing and disposing of all matters relating to actions or proceedings involving trust mortgages securing bonds sold to the public at any foreclosures or reorganizations thereof ” (italics supplied).
The court accordingly holds that it is required, by reason of its designation, to sit in the Additional Special Term, to retain jurisdiction of the present action and the motion for a temporary injunction, and that it may not refer the same to another justice in the absence of a legal disqualification to determine the motion or the action.
The fact that the Additional Special Term is vested with jurisdiction over all matters pertaining to publicly held trust mortgages and their reorganization does not require it to favor bondholders over owners, tenants or others. Rights of any persons or corporations involved must and will be determined by it in the same manner and with the same impartiality as is required of the court in all the matters which come before it, whether in the Additional Special Term or otherwise.
Any additional papers which defendants wish to submit are to be served and filed within five days from the service of a copy of this memorandum opinion. Plaintiff may have two days to reply.